**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PRASAD V. POTLURI

    Plaintiff,   CIVIL ACTION NO.  06-CV-13517-AA

 VS.       DISTRICT JUDGE JOHN CORBETT O'MEARA

SATISH YALAMANCHILI,  MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
    Defendants.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTIONS FOR PROTECTIVE ORDER AND GRANTING DEFENDANTS' MOTION FOR PROTECTIVE ORDER

This matter comes before the Court on three discovery motions.  The first two motions are Plaintiff's Motions for Protective Orders.  Plaintiff's motion filed on January 12, 2007 is directed toward Defendants' Interrogatories, Requests for Documents, and Plaintiff's deposition.  (Docket no. 12).  Plaintiff's second motion is directed toward subpoenas served by Defendants on third parties.  This motion was filed on January 30, 2007.  (Docket no. 17).  The third motion is Defendants' Motion for Protective Order filed on March 6, 2007.  (Docket no. 23).  The parties have filed response briefs and reply briefs to all three of these motions.  The Court heard the arguments of counsel on April 18, 2007.  These motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A).  (Docket nos. 16, 22, 24).  These matters are therefore ready for ruling.

This action arises from a business disagreement between two Indian businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends.  Plaintiff alleges breach of contract and related claims.  He claims that he and Defendant Yalamanchili entered into an oral agreement in 1996 "to the effect that they would be equal owners in any business ventures they entered into together (with each having an opportunity to opt out or not participate if they so chose), irrespective of the legal

ownership interests reflected in any documents concerning the formation of those businesses." Plaintiff alleges that pursuant to that agreement he paid Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co.). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendants Yalamanchili and George forced him out and refuse to pay him for his interest in that company.

Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made. But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest. Defendant therefore alleges a claim of breach of contract and other related claims.

Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c).

I.    **Plaintiff's Motion for Protective Order that Discovery Not Be Had, or Extending Time to Answer Interrogatories and Respond to Document Requests and Adjourning the Deposition of Plaintiff (docket no. 12).**

Defendants served Plaintiff with eight interrogatories with numerous subparts. (Docket no. 12, ex. 1). Each subpart asks for discrete pieces of information and are therefore properly considered "subparts" under Fed. R. Civ. P. 33(a). *Prochaska & Assoc. v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 155 F.R.D. 189, 191 (D. Neb. 1993). Rule 33(a) provides that without leave of court or stipulation, both of which are absent here, a party may serve upon another party written interrogatories, "not exceeding 25 in number including all discrete subparts." Fed. R. Civ. P. 33(a). Defendants' interrogatories violate this rule. By way of example, Defendants' Interrogatory No. 1 asks Plaintiff to identify all entities in

which Plaintiff owned an interest during the preceding ten years.  The second subpart asks the nature

of the business interest.  The third subpart asks for the location of the business interest.  These requests

are for discrete pieces of information.  These interrogatories therefore violate Rule 33(a).

The Court considered whether it could allow the first 25 Interrogatories.  However, a review of

the first 25 revealed that they are not proper because they are overbroad and unduly burdensome.  For

instance, there is no showing that all entities in which Plaintiff owned an interest over the preceding ten

years is reasonably calculated to lead to the discovery of admissible evidence.  (Interrogatory No. 1).

Defendant's theory is that Plaintiff has alleged that the agreement between him and Defendant

Yalamanchili was to share ownership in any business venture into which the other entered.  However,

Plaintiff's allegation is much more limited and includes only those entities that the Plaintiff and

Defendant "entered into together."  Accordingly, the Court finds that all of Defendants' interrogatories

are defective under Fed. R. Civ. P. 26(c).  Defendants may revise their Interrogatories by limiting them

in number and scope, and serve the revised Interrogatories on or before May 4, 2007.

Defendants also served 75 Requests for the Production of Documents.  (Docket no. 12, ex. 1).

These requests are also very broadly worded, lack relevant time frames, and seek irrelevant information.

For instance, the Court finds Request nos. 15, 33, 34, 52, 53, 63 to suffer from these stated defects.  In

order to protect Plaintiff from an undue burden Defendants must revise these Requests for Production.

Defendants may draft new requests, as they may for the Interrogatories discussed above, that comply

with the Rules of Civil Procedure and serve them on or before May 4, 2007.

In connection with these Requests for Production, and for the other discovery addressed in this

Order, the Court cautions the parties to exercise great care in seeking the discovery of immigration and

tax information.  Generally, tax documents are discoverable only upon a showing of relevancy and that

the information sought is not obtainable from other sources.  *Terwilliger v. York Intern. Corp.*, 176 F.R.D.

214, 217 (W.D. Va. 1997). Also, immigration documents may be discovered to the extent that they are relevant to the issues and when the damage and prejudice that would result from disclosure do not outweigh whatever legitimate value the material holds. *Galaviz-Zamora v. Brady Farms, Inc.,* 230 F.R.D. 499, 502 (W.D. Mich. 2005). Any discovery sought should be carefully limited to comply with these requirements.

Finally, Plaintiff and Defendants are having difficulty scheduling Plaintiff's deposition. The parties are to arrange for Plaintiff's deposition by agreeing on a mutually agreeable time and location, and will serve notice of the deposition on or before May 23, 2007. The parties agreed at the April 18 hearing that the depositions of Plaintiff and Defendant Yalamanchili would each proceed for no more than two 7-hour days. They also agreed that the deposition of Defendant George would proceed for 7 hours with the possibility of an extended time for completion, if necessary.

## II.    Plaintiff's Motion for Protective Order that Discovery Utilizing the Subpoenas Issued by the Defendants Not Be Had (docket no. 17).

Defendants served 22 subpoenas duces tecum on December 28, 2006 on the business entities (and individual officers and record keepers of these entities) seeking certain business records pertaining to Plaintiff and others. Because the subpoenas seek confidential information of Plaintiff, he has standing to move for a protective order against them. These entities are allegedly ones with which Plaintiff presently has or has had a business relationship in the past. Again, Defendant's theory is that any business in which Plaintiff has ever had an ownership interest is fair game for discovery. As pointed out above, the Court does not agree that discovery should be so broad. There are two companies which have been served which may hold relevant documents. These are Vision Systems Group, Inc. and Irvena. Plaintiff once worked for Vision Systems. He offered Defendant Yalamanchili an interest in Irvena which suggests that this was possibly a joint venture in which Defendant could have a claim to

4

an ownership interest.  Defendants have not shown that subpoenas directed to the remaining entities are reasonably calculated to lead to the discovery of admissible evidence under Rule 26.  Once Defendants receive the information from these two entities, they may be able to show that subpoenas to the other entities are warranted.  Plaintiff's motion for a protective order will therefore issue for these subpoenas with the exception of those directed to Vision Systems and Irvena and their record keepers.

### III.   Defendants'/Counter-Plaintiffs' Motion for Protective Order that Discovery Not Be Had (docket no. 23).

Plaintiff served its First Requests for the Production of Documents on December 22, 2006. (Docket no. 23, ex. C).  Defendants objected shortly thereafter on the grounds that the 55 Requests are irrelevant, ambiguous, seek private and confidential information, and because some of the documents are allegedly in Plaintiff's possession.  These Requests seek immigration and tax documents as well which need to be more limited in scope.  *See* Request Nos. 7, 21, 22, 33, and 51.  By way of example, Plaintiff seeks tax returns for not only Defendant but for former employees of Procon without any limitation as to time.  *See* Request No. 22.  Such Requests are overbroad and unduly burdensome. Plaintiff seeks Defendant's tax return for the preceding 15 years.  *See* Request No. 50.  Plaintiff has made no showing that tax returns dating back 15 years are relevant.  Other Requests suffer some similar defects in that they are overly broad, lack time frames, and seek irrelevant information.  *See* Request Nos. 52, and 53.  Accordingly, Plaintiff will be given the same opportunity to revise these Requests that Defendants were given.  Any revised requests should be served on or before May 4, 2007.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Protective Order (docket no. 12) is **GRANTED IN PART AND DENIED IN PART** as follows:

1.  Plaintiff need not further respond to Defendants' Interrogatories and Requests for Production served on December 13, 2006.  Defendants may revise their Interrogatories and Requests

for Production of Documents as set out above.  Any such revised discovery requests must be served on or before May 4, 2007 at 5:00 p.m.

2.  The parties are ordered to agree on a mutually acceptable time and location for Plaintiff's deposition.  The Notice of Deposition must be served on or before May 23, 2007.  Plaintiff's deposition and Defendant Yalamanchili's deposition may continue for two 7-hour days each.  Plaintiff's deposition is to be concluded before Defendant's deposition commences.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Protective Order (docket no. 17) is **GRANTED** as to Defendants' subpoenas served on all entities except Vision Systems Group, Inc. and Irvena (and their agents and/or recordkeepers), and is otherwise **DENIED**.  The granting of the protective order is without prejudice to Defendants re-serving the subpoenas should they be able to justify them.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (docket no. 23) is **GRANTED** to the extent that Defendants need not further respond to Plaintiff's First Set of Requests for Production of Documents.  Plaintiff may revise these Requests as set out above.  Any such revised Requests must be served on or before May 4, 2007 at 5:00 p.m.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 20, 2007                          s/ Mona K. Majzoub
                                               MONA K. MAJZOUB
                                               UNITED STATES MAGISTRATE JUDGE

6

**PROOF OF SERVICE**

I hereby certify that a a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 20, 2007                    s/ Lisa C. Bartlett
                                         Courtroom Deputy