**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PRASAD POTLURI,**
       **Plaintiff,**                   **CIVIL ACTION NO. 06-CV-13517**

 **VS.**                                 **DISTRICT JUDGE JOHN CORBETT O'MEARA**

**SATISH YALAMANCHILI,**        **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
                                   /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEPOSITION AND DEFENDANTS'/COUNTER-PLAINTIFF'S MOTION TO COMPEL DISCOVERY

This matter comes before the Court on two discovery motions. The first motion is Plaintiff's Motion to Compel Deposition filed on August 1, 2007. (Docket no. 37). Defendants/Counter-Plaintiff filed a Response in Opposition to Plaintiff's Motion on August 15, 2007. (Docket no. 45). Plaintiff filed a Supplemental Brief in Support of his Motion to Compel Deposition on August 15, 2007. (Docket no. 46). The second motion is Defendants'/Counter-Plaintiff's Motion to Compel Discovery filed on August 2, 2007. (Docket no. 40). Plaintiff/Counter-Defendant filed a Response in Opposition to Defendants'/Counter-Plaintiff's Motion to Compel Discovery on August 15, 2007. (Docket no. 47). Defendants/Counter-Plaintiff filed a Reply to Plaintiff's Response on August 22, 2007. (Docket no. 50). The parties filed a Joint Statement of Resolved and Unresolved Issues on August 21, 2007. (Docket no. 48). The motions were referred to the undersigned for hearing and determination pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 43). The Court conducted a hearing on the motions on August 28, 2007. The matters are now ready for ruling.

This action arises from a business disagreement between two Indian businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends. Plaintiff alleges breach of contract and related claims. He claims that he and Defendant Yalamanchili entered into an oral agreement in 1996 "to the effect that they would be equal owners in any business ventures they entered into together (with each having an opportunity to opt out or not participate if they so chose), irrespective of the legal ownership interests reflected in any documents concerning the formation of those businesses." Plaintiff alleges that pursuant to that agreement he paid Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co., LLC). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendants Yalamanchili and George forced him out and refuse to pay him for his interest in that company.

Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made. But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest. Defendant therefore alleges a claim of breach of contract and other related claims.

In April 2007 the Court heard the parties' Motions for Protective Order relating to subpoenas, interrogatories and requests for documents. The Court issued an Opinion and Order dated April 20, 2007 addressing several discovery issues between the parties (Opinion and Order). The Opinion and Order is relevant to the issues raised herein because the Court found that the parties' first interrogatories and requests for production were generally very broadly worded, lacked relevant time frames and sought irrelevant information. The Court gave both parties additional time to draft new interrogatories and requests. The Court also addressed the issues of the production of tax documents and immigration information and cautioned the parties "to exercise great care in seeking the discovery of immigration and tax information." Opinion and Order at 3.

With respect to Defendants' broad discovery requests and their theory of the case, the Court stated that "Defendant's theory is that Plaintiff has alleged that the agreement between him and Defendant Yalamanchili was to share ownership in any business venture into which the other entered. However, Plaintiff's allegation is much more limited and includes only those entities that the Plaintiff and Defendant "entered into together."" Opinion and Order at 3. The Court also addressed this issue again in the Opinion and Order with respect to subpoenas: "Defendant's theory is that any business in which Plaintiff has ever had an ownership interest is fair game for discovery. As pointed out above, the Court does not agree that discovery should be so broad." Opinion and Order at 4.

In accordance with the Opinion and Order the parties served revised interrogatories and document requests on each other. Defendants now seek to compel production in response to the revised document requests and Plaintiff seeks to compel the deposition of Defendant Yalamanchili. In the Opinion and Order, the Court ordered that "Plaintiff's deposition is to be concluded before Defendant's deposition commences." The parties are at an impasse with the depositions because Defendant will not conclude Plaintiff's deposition until Plaintiff produces the requested documents and Plaintiff cannot commence Defendant Yalamanchili's deposition until Defendant concludes Plaintiff's deposition.

**Defendants/Counter-Plaintiff's Motion to Compel Discovery**

Defendants' Request No. 3 requests copies of all Plaintiff's and his spouse's Federal, State, local and foreign tax returns (with all schedules and worksheets) and tax records for the preceding ten (10) years. Plaintiff objected to this Request as overly broad, harassing, and because it seeks personal and confidential documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objected to this Request because it is in contravention of the Court's Opinion and Order "caution[ing] the parties to exercise great care in seeking the discovery of . . . tax information."

3

The Court made clear that "tax documents are discoverable only upon a showing of relevancy and that the information sought is not obtainable from other sources." Defendants have made no such showing.

Defendants' Request No. 3 is substantively a combination of four of his prior requests that were the subject of the prior Opinion and Order. Defendant did not limit the request in scope and the request would encompass "any business in which Plaintiff has ever had an ownership interest," a theory the Court found far too broad for discovery. Opinion and Order at 3. Furthermore, Defendant argues that the tax records are relevant or will lead to relevant evidence because they will disclose investment interests and business interests of Plaintiff directly related to issues in this litigation. Defendant specifically asserts that because Plaintiff claims to have had a business interest in Iconma, the tax records would disclose whether Plaintiff claimed any income from Iconma. Defendants' Request is not narrowly tailored to address this. Defendants also seek information verifying Plaintiff's employment and whereabouts while living in London. That information can be obtained through a more carefully tailored interrogatory or document request, or through deposition.

"[T]ax returns are subject to discovery in civil litigation between private parties." *Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 119 (D.C. Ohio 1982). However, there are limitations to when a party may be ordered to provide tax returns to an opposing party. "Tax returns do not enjoy an absolute privilege from discovery. Nevertheless, a public policy against unnecessary public disclosure arises from the need, if the tax laws are to function properly, to encourage taxpayers to file complete and accurate returns." *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975) (citations omitted). Tax returns are discoverable where they are relevant to the action or the issues raised thereunder and the material is not otherwise readily available. *See Credit Life Ins. Co.,* 94 F.R.D. at 121; *Cooper v. Hallgarten & Co.*, 34 F.R.D. 482, 484 (S.D.N.Y. 1964).

4

The Court will order Plaintiff to produce copies of all Plaintiff's Federal, State, local and foreign tax returns (with all Schedules and worksheets) for the preceding ten (10) years which specify Iconma. The Court will deny the remainder of Defendants' Motion to Compel as to Request No. 3.

Defendants' Request No. 4 requests copies of all financial statements of Plaintiff for the preceding ten (10) years. Plaintiff objected to this Request for the same reasons stated in response to Request No. 3. Plaintiff further objected to this Request because the term "financial statements of Plaintiff" was not defined and is vague and ambiguous.

Request No. 4 suffers the same deficiencies as Request No. 3, above. Defendants did not revise this request according to the Opinion and Order. Request No. 4 remains overly broad. Defendants did not revise this Request to narrow its scope and comply with the Federal Rules of Civil Procedure as ordered in the Opinion and Order. The Court will deny Defendants' Motion to Compel as to Request No. 4.

Request No. 5 requests a copy of all immigration documents submitted for H1B work visa and Green Card, including but not limited to H1B, work visa documents, LCA, I129, employment letter and Green Card application/documents submitted for any and all employment with Vision Systems. Group Plaintiff objected to this Request because is it overly broad and harassing, and because it seeks personal and confidential documents not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objected to this Request because it is in contravention of the Court's Opinion and Order "caution[ing] the parties to exercise great care in seeking the discovery of immigration . . . information." Defendant revised the Request pursuant to the Opinion and Order and limited it to Vision Systems Group.

Immigration documents may be discovered to the extent they are relevant to the issues and when the damage and prejudice that would result from disclosure does not outweigh whatever

legitimate value the material holds. *Galaviz-Zamora v. Brady Farms, Inc.*, 230 F.R.D. 499, 502 (W.D. Mich. 2005). Defendants do not show legitimate value in the immigration information. Defendants make convoluted arguments for the relevance of this material based on Plaintiff's testimony in a prior proceeding about another company at which he worked during the time of his alleged involvement with Iconma. Defendants point to various interrogatory responses and deposition transcripts and allege inconsistencies in Plaintiff's testimony, work schedule and motivation for coming to the United States in an attempt to establish some legitimate value in Plaintiff's immigration information. However, Defendants' readings and summaries of these transcripts and the responses are tortuous at best and misleading at worst.

Plaintiff's argument of potential damage and prejudice outweighs the potential value Defendants allege exists in the information. Defendants seem as intent on showing possible immigration visa violations and misrepresentations as they do showing any real value of the information to pursing their breach of contract claims against Plaintiff. The Court will deny Defendants' Motion to Compel as to Request No. 5.

Request No. 17 requests that for each entity identified in Plaintiff's Answer to Interrogatory Nos. 1, 2, and 3, Plaintiff provide all financial statements for the preceding ten (10) years, including but not limited to, Profit and Loss Statements, Balance Sheets, Income Statements, Cash Flow Statements, Statement of Owners Equity, Position Statements, Statement of Changes in Financial Position, audited Financial Statements and Interim Reports. Plaintiff objected to this Request as overly broad, vague, ambiguous, harassing, unduly burdensome, and because it seeks confidential and proprietary information not reasonably calculated to lead to the discovery of admissible evidence. Plaintiff further objected to this Request for the reasons stated in response to Interrogatory Nos. 1, 2, and 3.

The revised Request No. 17 is substantively the same as Defendants' prior Request No. 34, in fact, the revised Request is actually broader. The Court's Opinion and Order explicitly found that Request No. 34 was very broadly worded, lacked relevant time frames and sought irrelevant information and ordered Defendants to revise the Request. Defendants revised the Request; however by referencing the Interrogatory responses, Defendants are substantively asking for the same information: all financial statements relating to any entity within the last ten years that Plaintiff started, or in which his spouse started or owned an interest (thus actually broadening the request) or in which Plaintiff was an owner or interested party through verbal agreement.

Plaintiff's actual responses to Interrogatories 1, 2 and 3 limit Plaintiff's Response to Request No. 17 akin to the Court's Opinion and Order. The Court will order Plaintiff to produce the documents requested by Request No. 17 for the companies Plaintiff provided in its responses to Interrogatory Nos. 1, 2 and 3. These are the business ventures Plaintiff and Defendant entered into together or entities in which Plaintiff offered Defendant Yalamanchili the opportunity to participate as an equal owner. These include Procon, Inc., Albion Orion Company LLC., Iconma, Irevna Ltd. and Maven Corp.

Defendants allege that Plaintiff has not produced documents responsive to Request Nos. 6, 8, 9, 10, 11, 12, 15, 16 and 23, despite Plaintiff indicating that he would produce such responsive documents. Plaintiff responded to each of these Requests with objections and stated that "[s]ubject to, and without waiving these objections and the General Objections incorporated herein by reference, Plaintiff will produce any responsive, non-privileged documents in his possession at a mutually agreeable time and place." Response Nos. 6, 8, 9, 10, 11, 12, 15, 16 and 23. Plaintiff provided this response on August 15, 2007. Defendants assert that to date they have not received the documents and they ask the Court to order Plaintiff to produce the responsive documents, or amend his answer to indicate that he does not have documents responsive to each request.

The Court will order Plaintiff to produce the responsive documents. To the extent that Plaintiff does not have documents responsive to the Requests, the Court will order Plaintiff to file an amended Response within the same period stating that he does not have responsive documents in his possession, custody or control. To the extent that Plaintiff has responsive documents to which he claims a privilege, the Court will order Plaintiff to provide to Defendants' a privilege log describing the nature of each document to which Plaintiff claims a privilege and stating the privilege claimed.

**Plaintiff's Motion to Compel Deposition of Defendant Yalamanchili**

Plaintiff brings a Motion to Compel Deposition of Defendant Satish Yalamanchili and requests that the Court order Defendant Yalamanchili's deposition be completed by August 31, 2007. The Court's April 2007 Opinion and Order ordered that Plaintiff's deposition be completed prior to Defendant's deposition. The parties agreed that the depositions of Plaintiff and Defendant Yalamanchili would be extended to two seven-hour days each. The parties further agreed that Defendant George's deposition would be held for one seven-hour day to be extended if necessary.

Initially, Plaintiff offered to be available for deposition during the week of June 25, 2007. Plaintiff then offered to be available for deposition on June 28 and 29, 2007. Defendants asked for additional time between the first and second days of the deposition and served a Notice of Deposition scheduling Plaintiff's deposition for June 29, 2007, continuing on July 17, 2007. Plaintiff was deposed on June 29, 2007.

Plaintiff's deposition on July 17, 2007 was never held. Defendants allege that Plaintiff's counsel never confirmed whether Plaintiff was available on July 17 and that as the date drew near it became obvious that Plaintiff would not produce the necessary documents by then. Defendants further allege that at the June 29 deposition, Plaintiff was directed not to answer certain questions regarding his immigration status. Plaintiff's counsel received a letter from Defendants' counsel dated July 16,

8

2007 adjourning the July 17, 2007 deposition date. Defendants wished to postpone the deposition until the parties resolved the dispute over Defendants' Requests for Production of Documents to which Plaintiff had objected, including objections to the requests for immigration documents, tax returns and financial statements. However, as Plaintiff points out, as of August 1, 2007 when Plaintiff filed his motion to compel deposition, Defendants had not filed a motion regarding the documents in dispute.

Plaintiff brings this motion asserting that because Defendant unilaterally took actions to adjourn the second day of Plaintiff's deposition, Plaintiff cannot proceed with his deposition of Defendant and "will be unable to do so indefinitely."

Plaintiff points to FRCP 26(d) which provides:

(d) Timing and Sequence of Discovery. . . . Unless the court upon motion, for the convenience of parties and witnesses and in the interests of justice, orders otherwise, methods of discovery may be used in any sequence, and the fact that a party is conducting discovery, whether by deposition or otherwise, does not operate to delay any other party's discovery.

The Court ordered that Plaintiff's deposition is to be concluded before Defendant's deposition commences. Opinion and Order at 6. At the prior hearing, Plaintiff's counsel asked if the parties could take Plaintiff's deposition for one day, then Plaintiff could take a day of Defendant's deposition and finish with Plaintiff's deposition. The Court responded, "Absolutely not. That will not happen. The deposition is noticed until conclusion of each party, and that's the way it goes. That's the way the Court Rules dictate it, and that's the way it will be. Absolutely not." Transcript April 18, 2007 Hearing.

The close of discovery in this case has been extended to January 15, 2008. The Court will order Defendant to conclude the remaining eight hours of Plaintiff's deposition on September 20, 2007 or September 21, 2007 but in no event later than September 26, 2007. Defendant Yalamanchili will

9

be available for deposition on two consecutive dates prior to October 12, 2007, following the conclusion of Plaintiff's deposition. Defendant George and Iconma employee Gadette will be available for deposition prior to October 31, 2007, on dates convenient to both counsel.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Deposition of Satish Yalamanchili (docket no. 37) is **GRANTED IN PART AND DENIED IN PART**. Defendants will conclude the remaining eight and one-half hours of Plaintiff's deposition on September 20 or 21, 2007 but in no event later than September 26, 2007. Defendant Yalamanchili will be available for deposition on two consecutive days for seven hours of deposition each day prior to October 12, 2007 and following the conclusion of Plaintiff's deposition. Defendant George and Iconma employee Gadette will be available for deposition prior to October 31, 2007 and following the conclusion of Plaintiff's deposition.

**IT IS ORDERED** that Defendants'/Counter-Plaintiff's Motion to Compel Discovery is **GRANTED IN PART AND DENIED IN PART**.

**IT IS ORDERED** that within fourteen days of entry of this Order, Plaintiff will produce complete copies of all Plaintiff's Federal, State, local and foreign tax returns (with all schedules and worksheets) for the preceding ten (10) years which specify Iconma. The remainder of Defendants' Motion to Compel as to Request No. 3 is DENIED.

**IT IS ORDERED** that within fourteen days of entry of this Order, Plaintiff will produce the documents requested by Request No. 17 for the companies Plaintiff provided in its responses to Interrogatory Nos. 1, 2 and 3. These are the business ventures Plaintiff and Defendant entered into together or entities in which Plaintiff offered Defendant Yalamanchili the opportunity to participate as an equal owner. These include Procon, Inc., Albion Orion Co., LLC., Iconma, Irevna Ltd. and Maven Corp.

**IT IS ORDERED** that within fourteen days of entry of this Order, Plaintiff will produce documents responsive to Request Nos. 6, 8, 9, 10, 11, 12, 15, 16 and 23. To the extent that Plaintiff has responsive documents to which he claims a privilege, the Court will order Plaintiff to provide to Defendants a privilege log describing the nature of each document to which Plaintiff claims a privilege and stating the privilege claimed. To the extent that Plaintiff does not have documents responsive to the Requests, the Court orders Plaintiff to file an amended Response within the same period stating that Plaintiff does not have responsive documents in his possession, custody or control.

**IT IS FURTHER ORDERED** that Defendants' Motion to Compel as to Request Nos. 4 and 5 is DENIED.

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: September 04, 2007                s/ Mona K. Majzoub
                                         MONA K. MAJZOUB
                                         UNITED STATES MAGISTRATE JUDGE


### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: September 04, 2007                s/ Lisa C. Bartlett
                                         Courtroom Deputy