**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**PRASAD V. POTLURI**

                **Plaintiff,**          **CIVIL ACTION NO. 06-CV-13517-DT**

    **VS.**                      **DISTRICT JUDGE PAUL D. BORMAN**

**SATISH YALAMANCHILI,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
                **Defendants.**

                            /

<u>**OPINION AND ORDER GRANTING IN PART AND DENYING IN PART**</u>
<u>**PLAINTIFF'S MOTION TO COMPEL PRODUCTION OF DOCUMENTS**</u>
<u>**AND**</u>
<u>**GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE EXCESS PAGES**</u>

This matter comes before the Court on Plaintiff's Motion to Compel Production of Documents filed on January 4, 2008. (Docket no. 59). Defendants have responded to this motion. (Docket no. 65). Plaintiff has filed a Reply brief. (Docket no. 67). This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 61). Plaintiff also filed a Motion for Leave to File Excess Pages along with his Reply Brief. (Docket no. 66). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Plaintiff's Motion for Leave to File Excess Pages will be granted. Plaintiff's Motion to Compel is now ready for ruling.

    **1.**    **Facts and History**

This action arises from a business disagreement between two businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends. Plaintiff alleges that he and Defendant Yalamanchili entered into an oral agreement in 1996 that they would be equal owners in any business ventures they entered into together. Plaintiff alleges that pursuant to that agreement he paid Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co.). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendants Yalamanchili and

George forced him out and refuse to pay him for his interest in that company. Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made. But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest.

The discovery at issue in this motion concerns the business Iconma of which Defendant George is the listed owner. The specific discovery requests at issue are contained in Plaintiff's Second and Third Sets of Requests for Production of Documents which were served on Defendants on May 3, 2007 (docket no. 59, ex. A) and on October 12, 2007 (*id.*, ex. C). Defendants filed objections to these requests. (*Id.*, exs. B, D).

**2.      Standard**

Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c).

**3.      Analysis**

The parties group the contested discovery requests into six categories. The Court will address these below.

**A.      Request Nos. 45 and 46 of Plaintiff's Third Set of Requests**

By Request Nos. 45 and 46, Plaintiff seeks copies of Defendant Yalamanchili's and Defendant George's federal, state, and local tax returns (with all schedules and worksheets) for the years 2000-2006, specifically mentioning Iconma or listing any income, distribution, dividend, or other compensation received from Iconma. (Docket no. 59, ex. C). Discovery of tax returns has been an issue of contention

previously in this action.  This Court earlier ordered Plaintiff to produce copies of all of his federal, state, local and foreign tax returns (with all schedules and worksheets) for the preceding ten years which specified Iconma.  (Docket no. 51 at 5).  As that Order set out, tax returns are generally discoverable, but courts recognize that public policy dictates against unnecessary public disclosure of tax return information.  *Premium Serv. Corp. v. Sperry & Hutchinson Co.*, 511 F.2d 225, 229 (9th Cir. 1975).  To prevent the unnecessary disclosure of that information courts require a showing of relevancy and that the material is not otherwise discoverable.  *See Credit Life Ins. Co. v. Uniworld Ins. Co.*, 94 F.R.D. 113, 121 (S.D. Ohio 1982).

As the above factual summary shows, the ownership of Iconma is a major issue in this action. Plaintiff argues that Defendants are attempting to downplay Defendant Yalamanchili's role in Iconma and inflate Defendant George's role, and that these requested tax records will assist him in sorting through the capital contributions to Iconma.  (Docket no. 67 at 3).  Defendants contend that they have provided a complete financial picture of Iconma without producing these tax records.  They argue that the remaining records are irrelevant and that Plaintiff has not made the required showing to justify this invasion of their privacy.  (Docket no. 65 at 10-11).

These requested tax records are reasonably calculated to lead to the discovery of admissible evidence on the identity of the true owner of Iconma because they may reveal who contributed large sums of money to the company.  Although some records, such as schedule C's of tax returns, have reportedly been produced, the Court notes from Defendant George's deposition testimony that there was apparently no written record of contributions of up to $50,000 to finance the initial start-up of Iconma.  (Docket no. 67, ex. A at page 101).  Such reported lack of records and Defendant George's inability to recall specific information during her deposition convince the Court that the information is not otherwise discoverable and weigh in favor of granting Plaintiff's motion.  The Court notes that

these two Requests are limited to specific years and to tax returns specifically mentioning Iconma or listing income from Iconma. (Docket no. 59 at 9). These limitations reduce the scope of the intrusion into the confidential information of Defendants. Plaintiff's Motion to Compel as to Request Nos. 45 and 46 will therefore be granted.

**B.      Request Nos. 21, 51, and 52 of Plaintiff's Second and Third Set of Requests**

In these requests, Plaintiff seeks sales records of former Procon salespeople who subsequently worked for Iconma. Request no. 21 asks for "all documents relating to work done by any former Procon employee" for Iconma. (Docket no. 59, ex. A). Request no. 51 asks for all commission statements, payroll records, or any other record of compensation for Dana Gadette, an employee of Iconma. (*Id.*, ex. C). Finally, Request no. 52 asks for that same information for all Iconma salespeople and account managers. (*Id.*). Plaintiff contends that his agreement with Defendant Yalamanchili to be equal owners of Iconma followed a similar agreement to be equal owners of Procon. Plaintiff further argues that Defendant George has testified that every one of the salespeople that Iconma has employed from 2000 to the present, with the exception of herself, formerly worked at Procon or the company that acquired Procon, RCM Technologies. Therefore, Plaintiff contends that these records will show that Iconma was a direct outgrowth of Procon–a company that Plaintiff and Defendant Yalamanchili built from the ground up pursuant to their equal ownership agreement. (Docket no. 67 at 4-5). Defendants argue that this information will not shed light on who owns the company and is irrelevant.

The Court does not find that the requested information is likely to lead to the discovery of admissible evidence in this action. Plaintiff has not shown how documents revealing the performance of salespeople and their compensation tend to show that he was or should be a partial owner of the company. Moreover, these requests are not limited by time and, especially Request no. 21, are

4

overbroad to the point of being unreasonably burdensome.  Plaintiff's Motion to Compel with respect

to Request Nos. 21, 51, and 52 will therefore be denied.

### C.     Request No. 55 of Plaintiff's Third Set of Requests

In this Request Plaintiff seeks all documents related to payment for website design or

development for Iconma.  (Docket no. 59, ex. C).  Plaintiff alleges that he coordinated the formation

of Iconma's website at his own personal expense.  (Docket no. 67 at 5).  Defendants, on the other hand,

contend that Defendant George, Iconma employees, and others created the website.  The Court finds

that this information is reasonably calculated to lead to the discovery of admissible evidence on the issue

of Plaintiff's actions related to the start-up of Iconma, which in turn may reflect on his claim of

ownership.  Defendants arguments that this information is irrelevant and that the request is overly broad

are not convincing.  Plaintiff's motion with respect to Request No. 55 will therefore be granted.

### D.     Request No. 56 of Plaintiff's Third Set of Requests

In this Request Plaintiff asks for all sales records and other documents relating to Defendant

George's employment or involvement with Mary Kay cosmetics company.  (Docket no. 59, ex. C).

Defendants object on the grounds of relevancy, vagueness, confidentiality of business records, and

because the request is overly broad.  Plaintiff contends these records are relevant because if Defendant

George was extensively involved in Mary Kay this would tend to support Plaintiff's claim that she was

merely the nominal owner of Iconma.  (Docket no. 67 at 7).  Defendant George testified during her

deposition that she had purchased items in 2003 and 2004 from Mary Kay, primarily for family and

clients of Iconma.  (Docket no. 65, ex. U).  Defendant George contends that she has no records related

to these transactions.  (Docket no. 65 at 15).  If there are no records, she may easily respond to this

Request by so stating.  Otherwise, the Court finds that the records are relevant and that the burden on

Defendant to produce them should not be great.  Accordingly, Plaintiff's motion will be granted as to Request no. 56.

**E.      Request Nos. 57, 58, 59, 60, and 61 of Plaintiff's Third Set of Requests**

Request no. 57 asks for all documents relating to any meeting with a client or prospective client of Iconma attended by Defendant George.  Request no. 58 seeks the same documents with respect to Defendant Yalamanchili.  Request no. 59 asks for all documents relating to any responses to requests for proposals (RFP's) prepared by or reviewed by Defendant George.  Request no. 60 seeks all communications between Defendant George and any prospective salesperson or recruiter of Iconma. Finally, request no. 61 seeks all communications between Dana Gadette and Defendant George relating to Iconma.  (Docket no. 59, ex. C).  Defendants object to each of these requests on grounds of relevancy, vagueness, confidentiality of the business records, and because the requests are overly broad. These requests are not limited by time period and are overly broad.  They also lack relevancy.  The documents requested may illuminate Defendants' roles in the day-to-day operation of Iconma, but this information does not make their claims of ownership of Iconma more or less plausible.  Therefore, Plaintiff's motion will be denied as to these requests.

**F.      Request Nos. 15, 16, 20, 24, 33, 36, 38, and 48 of Plaintiff's Second and Third Sets of Requests**

Plaintiff contends that Defendants have agreed to produce documents responsive to these requests but have failed to produce them.  (Docket no. 59 at 14).  Defendants assert that they have either produced all responsive documents to all of these requests, are in the process of compiling the documents, or the documents do not exist.  (Docket no. 65 at 18).  They believe that all responsive documents have been produced with the exception of documents related to the capital contributions to Iconma by Defendant George which Defendants are still compiling.  (*Id.*).  The Court will therefore

6

order that Defendants respond to these requests by either producing the documents or by stating that they do not possess or control any responsive documents by a date certain.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel Production of Documents (docket no. 59) is **GRANTED** to the extent that on or before February 18, 2008 Defendants will respond fully to Plaintiff's Requests to Produce Nos. 45, 46, 55, 56, 15, 16, 20, 24, 33, 36, 38, and 48, and is otherwise **DENIED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File Excess Pages (docket no. 66) is **GRANTED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: January 30, 2008                    s/ Mona K. Majzoub
                                           MONA K. MAJZOUB
                                           UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Order was served upon Counsel of Record on this date.

Dated: January 30, 2008                    s/ Lisa C. Bartlett
                                           Courtroom Deputy