**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRASAD V. POTLURI

             Plaintiff,             CIVIL ACTION NO. 06-CV-13517-DT

 VS.                                   DISTRICT JUDGE PAUL D. BORMAN

SATISH YALAMANCHILI,       MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
             Defendants.
                                  /

**OPINION AND ORDER GRANTING PLAINTIFF'S
MOTION TO COMPEL PRODUCTION OF DOCUMENTS
AND
DENYING DEFENDANT'S MOTION FOR PROTECTIVE ORDER**

This matter comes before the Court on two discovery motions. Plaintiff filed a Motion to Compel Production of Documents from Third Party Comerica Bank on February 5, 2008. (Docket no. 69). Defendants have responded to this motion. (Docket no. 71). Plaintiff filed a Reply brief. (Docket no. 74). In addition, Defendants filed a Motion for Protective Order that Discovery Utilizing Subpoenas Issued By Plaintiff to Comerica Bank Not Be Had. (Docket no. 72). Plaintiff has responded to that motion. (Docket no. 75). Defendants have filed a Reply brief. (Docket no. 80). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). These motions are now ready for ruling.

**I.    Facts and History**

This action arises from a business disagreement between two businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends. Plaintiff alleges that he and Defendant Yalamanchili entered into an oral agreement in 1996 that they would be equal owners in any business ventures they entered into together. Plaintiff alleges that pursuant to that agreement he paid

Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co.). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendant Yalamanchili and his wife, Defendant George, forced him out and refuse to pay him for his interest in that company. Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made. But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest.

The discovery at issue in this motion primarily concerns the business Iconma of which Defendant George is the listed owner. On December 13, 2007 Plaintiff issued a subpoena to Comerica, Inc., seeking documents relating to loans or extensions of credit extended by Comerica to Iconma, all documents submitted by Iconma in support of applications for these loans or credit extensions, and all communications between Comerica and Iconma relating to these loans or credit extensions. (Docket no. 69, ex. A). On December 27, 2007, at Comerica's request, Plaintiff re-issued this subpoena to the summons/subpoena unit of the bank. (*Id.*, ex. B). Comerica responded that it would process the request and produce the documents. However, before it did so it received the objections of Defendants to the production. Comerica then advised Plaintiff's counsel that it would not release any documents without a court order.

Plaintiff's motion to compel addresses only the subpoena (and re-issued subpoena) referenced above. However, Defendants' Motion for a Protective Order includes a third subpoena that Plaintiff served on Comerica on February 7, 2008 seeking all documents related to any account held by Inconma and similar documents for Computer Systems Group, Inc., Claudine George personally, and Satish Yalamanchili, personally. (Docket no. 72, ex. C).

2

**II.     Standard**

Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). Rule 26(c) allows the Court to issue protective orders for good cause shown to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including that the disclosure or discovery not be had or that the disclosure or discovery be limited to certain matters. Fed. R. Civ. P. 26(c). Fed. R. Civ. P. 45 allows the court to enforce subpoenas that issued from the court and to protect persons subject to subpoenas. The party seeking a protective order has the burden of showing that good cause exists for the order. *Nix v. Sword*, 11 Fed. App'x 498, 500 (6th Cir. 2001). To show good cause, the movant must articulate specific facts showing clearly defined and serious injury resulting from the discovery sought and cannot rely on conclusory statements. (*Id.*).

**III.    Analysis**

Plaintiff contends that the information requested by the subpoenas is relevant to the issues of this action because it may reveal Defendant Yalamanchili's role in the financing of Iconma, including whether his assets were involved in securing the loans, whether he applied for these loans as an owner of Inconma, and what amounts were listed as assets and liabilities of Iconma. Plaintiff further contends that any concerns that the requested documents may contain personal identifying information such as social security numbers are obviated by the protective order in place in this action. Finally, Plaintiff notes that Comerica has not objected or filed any motion to quash these subpoenas. Therefore, Plaintiff argues that Defendants may not contend that the requests are overly broad, unduly burdensome or harassing. These objections are properly made only by Comerica according to Plaintiff.

Defendants argue that the requested documents are either not relevant or have already been produced. (Docket no. 71). They state that they have already produced over 3,000 pages of documents related to Iconma's finances. Defendants also contend that through release of the documents from Comerica Plaintiff will have access to highly privileged information such as Defendants' social security numbers. Plaintiff does not dispute that he has already received documents relating to lines of credit with Comerica. He contends however that the production thus far is not comprehensive. (Docket no. 74 at 2).

The Court will first address an apparent procedural defect in the service of these subpoenas. Rule 45 (b)(1) requires that "[p]rior notice of any commanded production of documents . . . before trial shall be served on each party in the manner prescribed by Rule 5(b)." Fed. R. Civ. P. 45(b)(1). Defendants allege that Plaintiff failed to give them prior notice of any of these subpoenas. (Docket no. 72 at 5-6). Plaintiff does not respond to this allegation. (Docket no. 75). Plaintiff has not submitted any certificate of service showing that proper service was made. (*Id*.). Therefore, the Court concludes that there was a defect in service. Although Defendants raise this issue, they do not rely upon it as a basis to grant their motion for protective order. (Docket no. 72). Moreover, it is clear that Defendants received notice of the subpoenas, objected to the production, and successfully prevented the requested production. Therefore, there is no showing that Defendants were prejudiced by Plaintiff's failure to properly serve notice of these subpoenas. Under these circumstances, the Court declines to quash the subpoenas or grant a protective order on this basis. *See Richards v. Convergys Corp*., 2007 WL 474012 (D. Utah Feb. 7, 2007) (court declines to quash subpoena for failure to give proper notice under Rule 45(b)(1) because party had sufficient opportunity to object); *Davis v. J.P. Morgan Chase & Co.*, 2007 WL 142110 (W.D.N.Y. Jan. 16,

2007) (violation of Rule 45(b)(1) notice provision did not merit quashing of subpoena). However, the Court cautions counsel for both parties that it expects the prior notice provision to be complied with from this point forward, and failure to do so may result in the quashing of subpoenas.

The Court finds that the subpoenas at issue seek relevant information under Fed. R. Civ. P. 26(b)(1). The December 13 and 27, 2007 subpoenas seek the loan documents of Iconma which may reveal information to support Plaintiff's claim that Defendant Yalamanchili played a significant role in the capitalization of Iconma.[1] The February 7, 2008 subpoena seeks bank account information of Iconma and another entity, Computer Systems Group, as well as information relating to the bank accounts of Defendants George and Yalamanchili. This information also may help define the role of both individual Defendants in the capitalization of Iconma. Plaintiff alleges that Defendant George testified in her deposition regarding transfers of money from Computer Systems Group to Iconma. (Docket no. 72, ex. L). All of this financial information is relevant to Plaintiff's claim that he and Defendant Yalamanchili, rather than Defendant George, are the true owners of Iconma.

Defendants have not shown that the information sought by these subpoenas is duplicative of information already received from them. Plaintiff argues that the prior production is not complete, and Defendants contend otherwise. Because this information will be coming directly from the bank, although some of the information may overlap with information Plaintiff has already received, the Court is not convinced that there will be sufficient overlap to grant the protective order. The fact that the production will be coming from the bank instead of Defendants prevents

---

[1] The third paragraph of requested documents in exhibit A of the December 13 and 27, 2007 subpoenas, which seeks "copies of all other documents or files relating to Iconma," is not limited to loan or credit information. This portion of the subpoenas will be stricken as being overly broad.

5

Defendants from having to produce this allegedly duplicative information. Because Comerica has not objected or moved to quash these subpoenas, Defendants' arguments that production will be too burdensome are not persuasive.

The Court agrees that confidential information such as social security numbers, account numbers, and tax identification numbers should be redacted from any documents produced by Comerica. Plaintiff may either arrange for Comerica to redact this information before it releases the documents or the documents will first have to be given to Defendants to redact any social security, account, and tax identification numbers.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Compel (docket no. 69) is **GRANTED** with the exception of paragraph 3 of exhibit A of the December 13 and 27, 2007 subpoenas, and the exception of the confidential information set forth above.

**IT IS FURTHER ORDERED** that Defendants' Motion for Protective Order (docket no. 72) is **DENIED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: March 05, 2008               s/ Mona K. Majzoub
                                    MONA K. MAJZOUB
                                    UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: March 05, 2008         s/ Lisa C. Bartlett
                              Courtroom Deputy