**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

PRASAD V. POTLURI

        Plaintiff,            CIVIL ACTION NO. 06-CV-13517-DT

 VS.                              DISTRICT JUDGE PAUL D. BORMAN

SATISH YALAMANCHILI,      MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                            /

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY

This matter comes before the Court on Defendants' Motion to Compel Discovery filed on March 3, 2008. (Docket no. 78). Plaintiff has responded to this motion. (Docket no. 84). Defendants have filed a Reply brief. (Docket no. 88). This motion has been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 83). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). This matter is now ready for ruling.

    **1.**     **Facts and History**

This action arises from a business disagreement between two businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends. Plaintiff alleges that he and Defendant Yalamanchili entered into an oral agreement in 1996 that they would be equal owners in any business ventures they entered into together. Plaintiff alleges that pursuant to that agreement he paid Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co.). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendants Yalamanchili and George forced him out and refuse to pay him for his interest in that company. Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made.

But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest.

This Motion to Compel concerns Plaintiff's responses to three discrete discovery requests made by Defendants and one set of requests.

**2.     Standard**

Broad discretion is afforded to the Court in regulating discovery. *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991). Rule 26(b), Fed. R. Civ. P., defines the broad scope of discovery. In addition, Fed. R. Civ. P. 37(a) allows a party to move for an order compelling discovery. Generally, a party cannot be forced to produce documents that are not in its possession, custody, or control. *See* Fed. R. Civ. P. 34(a)(1); *United States v. Marsten Apts., Inc.*, 1997 U.S. Dist. LEXIS 14388 (E.D. Mich. June 16, 1997). A court may order that a party provide a sworn declaration or similar document stating that after making reasonable efforts to locate responsive documents, none could be located in its possession or in its custody or control but in the possession of another entity. *Marsten Apts., Inc.*, 1997 U.S. Dist. LEXIS 14388.

**3.     Analysis**

The parties group the contested discovery requests into four categories. The Court will address these below.

### A. Request No. 17 of Defendants' Amended First Request for Production of Documents

This Request for Production seeks financial statements from Plaintiff. (Docket no. 78, ex. G). This Court previously ordered with respect to this Request that Plaintiff produce documents responsive to this request for five business entities. (Docket no. 51 at 7). Plaintiff states in his Amended Response that he has produced responsive documents and that he does not have any additional documents responsive to this request in his possession, custody or control. (Docket no. 78, ex. G). Defendants argue that this response is evasive, non-responsive, and in bad faith. (Docket no. 78 at 7). They contend that Plaintiff should have more documents under his control or in his custody if not in his possession. (*Id.*).

The Court cannot order the production of documents of which a party does not have possession, custody, or control. Fed. R. Civ. P. 34. The Court will order Plaintiff to serve an Amended Response on Defendants containing a sworn declaration stating that after making reasonable efforts no responsive documents were located in his possession, custody, or control. *See Marsten Apts., Inc.*, 1997 U.S. Dist. LEXIS 14388.

### B. Request No. 25 of Defendants' Amended First Request for Production of Documents

Request No. 25 asks for a copy of any settlement agreement or other document relating to the resolution of litigation involving certain persons and entities. (Docket no. 78, ex. G). Plaintiff responded that he has produced documents responsive to this request. (*Id.*). Defendants dispute this statement and argue that a settlement agreement involving P. Suruli Narayanasami should be produced pursuant to this request. (Docket no. 78 at 9). Plaintiff contends that this settlement agreement has no relevancy to this action, is confidential, and cannot be produced. (Docket no. 84

at 5). Plaintiff describes this settlement agreement as one between Plaintiff and Mr. Narayanasami over a dispute regarding the sale of Albion Orion. Albion Orion is one of the entities for which this Court earlier ordered Plaintiff to produce all financial statements. (Docket no. 51 at 7). The Court finds that this settlement agreement is relevant to the claims and defenses in this action under Rule 26. The confidentiality of this document may be protected by placing it under the Protective Order already in place in this action. (Docket no. 36). Plaintiff will be ordered to produce this settlement agreement to Defendants.

### C. Defendants' Second Interrogatories to Plaintiff

Defendants' Second Set of Interrogatories to Plaintiff contains only Interrogatory 5. It asks for information regarding phone bills already produced by Plaintiff. In particular, Interrogatory No. 5 asks that Plaintiff identify the phone calls made on or for Iconma business, who made or received the calls, and the specific Iconma business discussed during said phone call. (Docket no. 78, ex. C). Plaintiff objected to the request and stated that Plaintiff and Defendant Yalamanchili communicated regularly by phone during the time period covered by the phone bills produced to Defendants and that Iconma business was discussed in many of these calls. (*Id*. ex. D). Defendants argue that this response lacks specificity and fails to identify the phone numbers of other alleged business calls, the individual spoken to, and the business that was discussed. They ask that the Court order Plaintiff to provide a complete response. Plaintiff argues that requiring any further response would be unduly burdensome and reach beyond his duty in responding to an interrogatory. (Docket no. 84 at 7).

The Court finds that some more specificity is required. Plaintiff should make reasonable efforts to provide the information regarding these phone calls. To the extent that no more information is available, Plaintiff must serve on Defendants an amended response containing a

4

sworn declaration stating that after making reasonable efforts he cannot provide with respect to these phone calls any more information identifying the persons or entities involved in them or the topics discussed.

### D. Defendants' Second Request for Production of Documents

This set of requests contains Request Nos. 31 through 48. (Docket no. 78, exs. E, F). They pertain to the Albion Orion sale to SSI, Ltd. To each request Plaintiff stated that he has performed a diligent search but has not located any responsive documents beyond those already produced. The answer to Request No. 39 was somewhat different, stating that as far as Plaintiff is aware no such documents exist. Defendants argue that documents should exist, perhaps in the possession of third parties under Plaintiff's control, and must be produced. (Docket no. 78 at 12-13).

As stated above, the Court cannot order Plaintiff to produce documents which are not in his possession, custody, or control. Fed. R. Civ. P. 34(a). Plaintiff will be ordered to serve on Defendants an amended response containing a sworn declaration stating that after making reasonable efforts no responsive documents were located in his possession, custody, or control. *See Marsten Apts., Inc.*, 1997 U.S. Dist. LEXIS 14388.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Compel Discovery (docket no. 78) is **GRANTED IN PART AND DENIED IN PART.**

**IT IS FURTHER ORDERED** that on or before May 1, 2008 Plaintiff produce a copy of the settlement agreement responsive to Defendants' Request for Production No. 25, and serve upon Defendants amended responses as set out above for Defendants' Request for Production No. 17, Interrogatory 5, and Defendants' Second Request for Production of Documents.

5

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: April 22, 2008        s/ Mona K. Majzoub  
                                    MONA K. MAJZOUB  
                                    UNITED STATES MAGISTRATE JUDGE

## PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: April 22, 2008        s/ Lisa C. Bartlett  
                                    Courtroom Deputy