**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRASAD V. POTLURI,

       Plaintiff,                              CASE NO. 06-CV-13517

-vs-                                        PAUL D. BORMAN
                                              UNITED STATES DISTRICT JUDGE

SATISH YALAMANCHILI, CLAUDINE
GEORGE, and ICONMA LLC, a Michigan        MONA K. MAJZOUB
Limited Liability Company,                         UNITED STATES MAGISTRATE JUDGE

       Defendants

- AND -

SATISH YALAMANCHILI,

       Defendant/Counter-Plaintiff,

-vs-

PRASAD V. POTLURI,

       Plaintiff/Counter-Defendant.
_____/

**OPINION AND ORDER AFFIRMING
THE MAGISTRATE JUDGE'S APRIL 21, 2008 ORDER GRANTING IN PART AND
DENYING IN PART DEFENDANTS' MOTION TO COMPEL DISCOVERY**

Before the Court are Plaintiff Prasad V. Potluri's ("Plaintiff") April 24, 2008 Objections to the Magistrate Judge's April 21, 2008 Opinion and Order granting in part and denying in part Defendants' Motion to Compel Discovery. (Doc. No. 96); *See Potluri v. Yalamanchili*, No. 06-13517, 2008 WL 1808377 (E.D. Mich. Apr. 22, 2008) (unpublished) (Magistrate Judge Opinion). Defendants Satish Yalamanchili, Claudine George, and Iconma, LLC ("Defendants") filed a Response on May 5, 2008. Having considered the entire record, and for the reasons that follow, the Court AFFIRMS the Magistrate Judge's Order.

1

The Court recounts the background facts of the instant case from the Magistrate Judge's Order:

> This action arises from a business disagreement between two businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends. Plaintiff alleges that he and Defendant Yalamanchili entered into an oral agreement in 1996 that they would be equal owners in any business ventures they entered into together. Plaintiff alleges that pursuant to that agreement he paid Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co.). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendants Yalamanchili and George forced him out and refuse to pay him for his interest in that company. Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made. But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest.

*Id*. at *1.

On March 3, 2008, Defendants filed a motion to compel discovery, seeking: (1) financial statements from five of Plaintiff's businesses; (2) a copy of a settlement agreement from a prior litigation involving Plaintiff and another individual named P. Suruli Narayanasami; (3) information concerning certain phone calls involving Iconma; and (4) certain documents pertaining to the sale of Albion Orion to SSI, Ltd.

Plaintiff's instant objections concern only the production of the settlement agreement. On that issue, the Magistrate Judge made the following findings and order:

> Request No. 25 asks for a copy of any settlement agreement or other document relating to the resolution of litigation involving certain persons and entities. Plaintiff responded that he has produced documents responsive to this request. Defendants dispute this statement and argue that a settlement agreement involving P. Suruli Narayanasami should be produced pursuant to this request. Plaintiff contends that this settlement agreement has no relevancy to this action, is confidential, and cannot be produced. Plaintiff describes this settlement agreement as one between Plaintiff and Mr. Narayanasami over a dispute regarding the sale of Albion Orion. Albion Orion is one of the entities for which this Court earlier ordered Plaintiff to produce all financial statements. The Court finds that this settlement agreement is relevant to the claims and defenses in this action under Rule 26. The confidentiality of this

2

> document may be protected by placing it under the Protective Order already in place in this action. Plaintiff will be ordered to produce this settlement agreement to Defendants.

*Id*. at *2 (internal citations omitted).

In support of the argument to bar the production of the settlement agreement, Plaintiff contends: (1) the settlement agreement by its terms is confidential and implicates the rights of a third party; (2) the settlement agreement lacks relevance. Plaintiff cites two district court cases for the proposition that if a confidential settlement is ordered to be produced, the court must provide the third party notice and opportunity to object. *See Koch v. Koch Indus.*, No. 85-1636, 1992 U.S. Dist. LEXIS 14094, *22-23 (D. Kan. Aug. 24, 1992) (unpublished); *Stephenson v. Deutsche Bank AG*, No. 02-4845, 2007 U.S. Dist. LEXIS 17041 (D. Minn. Mar. 8, 2007) (unpublished). Plaintiff maintains that if the Court decides to affirm the Magistrate Judge's Order, it should provide notice and opportunity for third parties to object.

Defendants respond that: (1) neither Plaintiff nor Narayanasami objected to a March 17, 2008 subpoena, directed at Narayanasami's attorneys in the previous litigation, to obtain documents from that case; (2) the settlement agreement is amenable to disclosure; and (3) the settlement agreement is relevant because it establishes Yalamanchili's "damages by placing value on the stock to which [he] asserts he was entitled." (Defs. Br. 4). In support, Defendants cite the Kentucky district court case *American Guarantee & Liability Ins. Co. v. CTA Acoustics, Inc.*, No. 05-80, 2007 WL 1099620 (E.D. Ky. Apr. 10, 2007) (unpublished).

The standard of review under 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a) dictates that a magistrate judge's nondispositive pretrial orders shall not be disturbed unless "found to be clearly erroneous or contrary to law." *United States v. Curtis,* 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard mandates that the district court affirm the

3

magistrate judge's decision unless, on the entire evidence, it "is left with the definite and firm conviction that a mistake has been committed." *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948).

In *Goodyear Tire & Rubber Co. v. Chiles Powers Supply, Inc.*, 332 F.3d 976 (6th Cir. 2003), the United States Court of Appeals for the Sixth Circuit held that Fed. R. Evid. 501 recognizes that "any communications made in furtherance of settlement are privileged," unless a party can demonstrate that they are to be used for an otherwise "legitimate, admissible" use. *Id*. at 983. However, the Sixth Circuit did not reach the question of whether a negotiated "confidential" settlement agreement is discoverable by parties in another litigation. In *American Guarantee*, the Kentucky district court cited a number of district court decisions from Kentucky, Ohio, and Kansas for the proposition that the "settlement communications" privilege does not extend to the settlement agreement itself. 2007 WL 1099620, *4 (collecting cases). Under this view, a confidential settlement agreement is discoverable, subject to relevancy considerations and the strictures of Fed. R. Civ. P. 26.

Plaintiff does not contend that the relevant settlement agreement is "privileged," in the sense contemplated by Rule 501 and *Goodyear.* Plaintiff's primary concerns involve the rights of the third party Narayanasami, and the possible further dissemination of the settlement agreement.[1] Initially, Narayanasami had notice of, but did not object to, the

---

[1] Neither case cited by Plaintiff is on point, since the potentially interested third party in the instant case, Suruli, had notice and an opportunity to object to Defendants' subpoena. *See Koch*, 1992 U.S. Dist. LEXIS 14094, at *21-22 (refusing to allow the plaintiffs to obtain valuation information because of its "marginal relevance" and the burden of permitting third parties having confidentiality interests in the valuation materials); *Stephenson*, 2007 U.S. Dist. LEXIS 17041, at *14-17 ("To the extent that [the party] is constrained from disclosing such details by virtue of a confidentiality agreement, [the party] is directed to move the Court for relief from any obligation and provide notice of such motion to the appropriate parties").

subpoena request on his law firm for production of documents produced during the previous litigation. Second, Plaintiff has not rebutted Defendants' assertion that the settlement agreement is relevant to the damages claim in instant litigation. Finally, the parties agreed to a protective order which limits the dissemination of materials acquired during discovery to outside parties. Plaintiff has not shown how the current protective order would be ineffective to safeguard against the unintended further distribution of the settlement agreement.

Since the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law, the Court **AFFIRMS** the Magistrate Judge's April 21, 2008 Opinion and Order. Plaintiff shall comply with the Magistrate Judge's Order, if he has not done so to date, within seven (7) days of this Order.

**SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated: June 24, 2008

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on June 24, 2008.

s/Denise Goodine
Case Manager