**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRASAD V. POTLURI

        Plaintiff,           CIVIL ACTION NO. 06-CV-13517-DT

 VS.                           DISTRICT JUDGE PAUL D. BORMAN

SATISH YALAMANCHILI,     MAGISTRATE JUDGE MONA K. MAJZOUB
et al.,
        Defendants.
                            /

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S FIRST AMENDED EXPERT WITNESS LIST

This matter comes before the Court on Defendants' Motion to Strike Plaintiff's First Amended Expert Witness List. (Docket no. 123). Plaintiff responded to this motion on November 10, 2008. (Docket no. 129). This matter was referred to the undersigned for decision. (Docket no. 124). The Court dispenses with oral argument pursuant to E.D. Mich. LR 7.1(e). Defendants' motion is now ready for ruling.

    **1.**     **Facts, Procedural History and Claims**

The Court's scheduling order entered on March 30, 2007 required the parties' expert witness lists to be filed by August 3, 2007. (Docket no. 28). Plaintiff filed his expert witness list on August 3, 2007. (Docket no. 42). Plaintiff's list did not identify any specific person as an expert; rather, Plaintiff's list identified areas in which expert testimony might be given at trial and stated that the identity of the expert "will be disclosed upon being retained." (*Id*.). Two of the named areas were business valuation and damages. (*Id*.). Plaintiff reserved the right to add further and additional expert witnesses "as they may be necessary through the course of investigation and discovery."

(*Id*.). Discovery closed in this action on March 17, 2008. (Docket no. 62). There is no showing that Plaintiff served any expert reports pursuant to Fed. R. Civ. P. 26.

The parties filed motions for summary judgment on April 18, 2008. (Docket nos. 91, 92, 93).[1] Plaintiff filed his First Amended Expert Witness List on October 15, 2008. (Docket no. 121). This list names three experts in the areas of business valuation and damages. (*Id*.). On October 24, 2008 Defendants filed the instant Motion to Strike Plaintiff's First Amended Expert Witness List. Defendants argue that Plaintiff's First Amended Witness List should be stricken from the record because it is untimely, Plaintiff otherwise failed to follow the requirements of Fed. R. Civ. P. 26 and 37 regarding the disclosure of expert witnesses and information, and because Defendants will be prejudiced if Plaintiff is allowed to call any of the newly disclosed experts at trial or present any evidence pertaining to their expert opinions. (Docket no. 123). Plaintiff argues that his amended expert witness list is a proper and timely supplementation under Fed. R. Civ. P. 26(a)(2)(D) and 26(e). (Docket no. 129). Plaintiff further argues that even if his list was not timely filed, it should not be stricken because Defendants were aware of the categories of expert witnesses Plaintiff may call for trial and are not prejudiced by the filing. (*Id*.).

**2.     Governing Law**

District courts have broad discretion to exclude untimely disclosed expert-witness testimony. *Pride v. Bic Corp.*, 218 F.3d 566, 578 (6th Cir. 2000); *Vujcevic v. Oglebay Norton Marine Servs. Co.*, 2007 WL 4181555, slip copy at *2 (E.D. Mich. Nov. 27, 2007).

Federal Rule of Civil Procedure 26(a)(2)(A) requires a party to disclose the identity of any witness it may use at trial to present evidence under Fed. R. Evid. 702, 703, or 705. Rule

---

[1] Judge Borman entered an Order on November 3, 2008 granting in part and denying in part the parties' motions for summary judgment. (Docket no. 127).

26(a)(2)(B) provides that an individual retained to provide expert testimony shall provide a written report that contains a complete statement of all opinions to be expressed and the basis and reasons for them; the data or other information considered by the witness in forming them; any exhibits that will be used; the witness' qualifications; a list of cases in which the expert has given testimony; and a statement of the compensation to be paid to the expert. The Rule also provides that these disclosures must occur at the times and in the sequence that the court orders. Fed. R. Civ. P. 26(a)(2)(C). These disclosures must be supplemented when required under Fed. R. Civ. P. 26(e). Rule 26(e)(2) states that for expert witnesses, the party's duty to supplement extends to information included in the expert report and to information given during the expert's deposition. Any additions or changes are required to be made by the time the party's pretrial disclosures under Rule 26(a)(3) are due. Fed. R. Civ. P. 26(e)(2).

Rule 37(c), Fed. R. Civ. P., provides sanctions for failing to disclose or supplement an earlier disclosure. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless. Fed. R. Civ. P. 37(c)(1).

**3.     Analysis**

Plaintiff argues that his amended witness list is a timely supplement to his previously filed expert witness list under Fed. R. Civ. P. 26(a)(2)(D) and (e). Plaintiff fails to cite any authority for the proposition that supplementing a disclosure is a proper method to initially name the expert and his area of expertise. Rule 26(a)(2)(A) and the Court's scheduling order of March 30, 2007 clearly required Plaintiff to provide the identity of expert witnesses he may use at trial by August 3, 2007.

(Docket no. 28). Plaintiff's listing of only the categories for which he may use expert witnesses at trial does not satisfy Rule 26(a)(2)(A). Because Plaintiff failed to initially properly identify his expert witnesses and failed to provide any written expert reports, his attempt to identify the experts through supplementation is not proper. The purpose of the supplementation rule is to avoid ambush at trial and to assure that all material information has been disclosed in the expert reports. *Sandata Techs., Inc. v. Infocrossing, Inc.*, 2007 WL 4157163, slip copy at *3 (S.D.N.Y. Nov. 16, 2007). However, supplementation may not be used by a party to ignore court deadlines, reopen discovery, find new facts, and generate new expert reports. *Saint-Gobain Corp. v. Gemtron Corp*., 2006 WL 1307890, slip copy at *2 (W.D. Mich. May 9, 2006).

In *In re Enron Corp. Securities, Derivative & "Erisa" Litigation*, 2007 WL 5023541 (S.D. Tex. Feb. 1, 2007), the Court was faced with the question of whether the "supplemental report" of one expert was a supplement to a different expert's report, satisfying the obligation to supplement under Rule 26(e)(1) or whether it was a new, untimely opinion in violation of Rule 26(a) and of the court's discovery schedule. The court found that the "supplemental report" was an untimely disclosure under Rule 26(a) rather than a proper supplement. If one expert may not supplement a different expert's report under Rule 26(a), it follows that a party should not be permitted to identify an expert for the first time in a "supplement" and subsequently file an expert report by that expert. Such a scenario allows a party to flout Rule 26 and the court's scheduling order. Accordingly, Plaintiff's First Amended Witness List is an untimely disclosure under Rule 26(a)(2)(A) and (C) rather than a proper supplement.

The proper sanction for Plaintiff's violation of Rule 26(a) is found in Rule 37(c)(1). The party is not allowed to use the witness to supply evidence at trial unless the failure is substantially

4

justified or harmless. Fed. R. Civ. P. 37(c)(1). This sanction has been described as "automatic" in order to provide a strong inducement for disclosure of material. *Vaughn v. Homegoods, Inc.*, 2008 WL 4239505, slip copy at *3 (E.D. Mich. Sept. 11, 2008). The potentially sanctioned party has the burden of proving that the failure to disclose was substantially justified or harmless. (*Id.*).

Plaintiff has failed to cite any case finding that a similar failure to disclose was substantially justified or harmless. Although a trial date has not yet been set, the date for the final pretrial conference is December 17, 2008. (Docket no. 128). The case is in its final stages, and the discovery period ended some six months before Plaintiff filed his Amended Expert Witness List. Plaintiff argues that Defendants are not prejudiced while conceding that between now and trial expert reports would have to be filed followed by expert depositions. (Docket no. 129 at 5). Defendants at this point know nothing about these proposed experts or their possible testimony. This reopening of discovery at this late stage of the case will prejudice Defendants.

Plaintiff contends that he retained experts following oral argument on the parties' motions for summary judgment. (*Id.* at 2). Plaintiff fails to explain why such experts could not have been retained earlier in the case. *See Vaughn*, 2008 WL 4239505 (noting that plaintiff could have prepared expert witnesses and expert reports earlier in the discovery process and finding no substantial justification for the failure). Accordingly, Plaintiff fails to show that his failure to timely disclose these expert witnesses was substantially justified or harmless. The Court will therefore strike Plaintiff's First Amended Expert Witness List and preclude Plaintiff from using the testimony of the experts identified in that witness list on motions, at a hearing, or at trial. Fed. R. Civ. P. 37(c)(1).

**IT IS THEREFORE ORDERED** that Defendants' Motion to Strike Plaintiff's First Amended Expert Witness List (docket no. 123) is **GRANTED.**

### NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: November 24, 2008      s/ Mona K. Majzoub
                              MONA K. MAJZOUB
                              UNITED STATES MAGISTRATE JUDGE

### PROOF OF SERVICE

I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: November 24, 2008      s/ Lisa C. Bartlett
                              Courtroom Deputy