**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRASAD V. POTLURI,

                Plaintiff,                Case Number: 06-13517

v.                                              JUDGE PAUL D. BORMAN
                                                     UNITED STATES DISTRICT COURT

SATISH YALAMANCHILI,
CLAUDINE GEORGE, and
ICONMA, LLC, a Michigan limited
liability company
                Defendants.
_____ /

**ORDER DENYING IN PART DEFENDANTS' MOTION
FOR RECONSIDERATION, AND REQUESTING A RESPONSE FROM
PLAINTIFF ON THE EQUITABLE CLAIM ISSUE BY DECEMBER 16, 2008**

Before the Court is Defendants Satish Yalamanchili, Claudine George and Iconma, LLC's ("Defendants") motion for reconsideration of this Court's November 3, 2008 Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. (Doc. No. 127).

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may

1

grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

Defendants first argue that the Court erred by failing to dismiss Iconma as a defendant when this Court concluded that Plaintiff is not entitled to seek equitable relief, which is the only type of relief Plaintiff sought against Iconma. However, Defendants did not argue in their motion for summary judgment that Iconma should be dismissed as a defendant if Plaintiff's equitable claims were dismissed. Rather, Defendants only argued that Iconma should be dismissed because Plaintiff did not assert any claims against it. (Iconma and George Mot. Summ. J. 9). Therefore, this Court will require Plaintiff to file a response to this claim in Defendant's Motion for Reconsideration, up to five pages, by December 16, 2008.

Defendants next argue that the Court erred by failing to dismiss the civil conspiracy claim against George when it dismissed the fraud claim against her. This was not an error because Plaintiff alleges that George conspired with Yalamanchili to commit the fraud that Yalamanchili perpetrated. "A civil conspiracy is a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." *Admiral Ins Co v. Columbia Casualty Ins Co*, 194 Mich. App 300, 313; 486 NW2d 351 (1992). "An allegation of conspiracy, standing alone, is not actionable." *Magid v. Oak Park Racquet Club Assoc, Ltd*, 84 Mich. App 522, 529 (1978)). Plaintiff must allege a civil wrong resulting in damage caused by the defendants. *Id.* Here, Plaintiff alleges that George conspired with Yalamanchili to commit fraud. George did not have to actually participate in fraudulent activity in

2

order to be liable for civil conspiracy. If a defendant was required to directly participate in the fraud in order to be liable for civil conspiracy, only the person who actually made the material misrepresentations in a fraud case would be liable for civil conspiracy and the person who encouraged and supported the fraud would escape without a penalty. This is not a correct result. Therefore, the Court did not err when it denied Defendants summary judgment on Plaintiff's civil conspiracy claim against George.

For the reasons discussed above, the Court DENIES, in part, Defendants' motion for reconsideration, and requests a RESPONSE, in part.

SO ORDERED.

                                                s/Paul D. Borman  
                                                PAUL D. BORMAN  
                                                UNITED STATES DISTRICT JUDGE

Dated: December 12, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 12, 2008.

                                                s/Denise Goodine  
                                                Case Manager