**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

PRASAD V. POTLURI,

                Plaintiff,                Case Number: 06-13517

v.                                            JUDGE PAUL D. BORMAN
                                             UNITED STATES DISTRICT COURT

SATISH YALAMANCHILI,
CLAUDINE GEORGE, and
ICONMA, LLC, a Michigan limited
liability company
                Defendants.
_____ /

## ORDER DENYING DEFENDANTS' MOTION FOR RECONSIDERATION

Before the Court is Defendants Satish Yalamanchili, Claudine George and Iconma, LLC's ("Defendants") motion for reconsideration of this Court's November 3, 2008 Opinion and Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment. (Doc. No. 127). This Court denied the motion, in part, on December 12, 2008, and requested a response from Plaintiff regarding the equitable claim issue. (Doc. No. 133). Plaintiff filed a response on December 16, 2008. (Doc. No. 134). For the reasons discussed below, this Court now denies the remainder of Defendants' motion for reconsideration.

Eastern District of Michigan Local Rule 7.1(g) provides the standards for a motion for reconsideration, and states:

> [T]he court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case.

A "palpable defect" is a defect which is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997). "A trial court may grant reconsideration under Fed. R. Civ. P. 59(e) for any of four reasons: (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; (3) to correct a clear error of law; or (4) to prevent manifest injustice." *Hayes v. Norfolk Southern Corp.*, 25 Fed. Appx. 308, 315 (6th Cir. Dec. 18, 2001) (unpublished).

Defendants argue that the Court erred by failing to dismiss Iconma as a defendant when this Court concluded that Plaintiff is not entitled to pursue his equitable claims, and Plaintiff is only seeking equitable relief from Iconma. As noted in this Court's previous order, Defendants did not argue in their motion for summary judgment that Iconma should be dismissed as a defendant if Plaintiff's equitable claims were dismissed. (Iconma and George Mot. Summ. J. 9). Therefore, this Court allowed Plaintiff to file a response to this claim. In his response, Plaintiff argues that he is still entitled to seek equitable relief, namely specific performance, from Iconma, even though his equitable claims have been dismissed, because it is the only remedy that will award him complete relief for his breach of contract claim.

This Court dismissed Plaintiff's equitable claims. Nonetheless, the Court's decision does not preclude Plaintiff from seeking an equitable remedy for his breach of contract claim, if he is successful on that claim. Specific performance is an equitable remedy that may be awarded where the legal remedy of damages is impracticable. *Ruegsegger v. Bangor Twp Relief Drain*, 127 Mich. App 28, 31 (1983). Thus, the relief necessary to enforce the judgment may include specific performance. Because Plaintiff seeks equitable relief from Iconma, Iconma remains a necessary party to this lawsuit and this Court did not err when it denied Defendants' motion to dismiss Iconma.

Accordingly, this Court denies the remainder of Defendants' motion for reconsideration.

SO ORDERED.

                                    s/Paul D. Borman
                                    PAUL D. BORMAN
                                    UNITED STATES DISTRICT JUDGE

Dated: December 22, 2008

## CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on December 22, 2008.

                                    s/Denise Goodine
                                    Case Manager