# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**PRASAD V. POTLURI**

       **Plaintiff,**        **CIVIL ACTION NO. 06-CV-13517-DT**

  **VS.**         **DISTRICT JUDGE PAUL D. BORMAN**

**SATISH YALAMANCHILI,**    **MAGISTRATE JUDGE MONA K. MAJZOUB**
**et al.,**
       **Defendants.**
                         /

## OPINION AND ORDER RESOLVING MOTIONS IN LIMINE

This matter comes before the Court on Defendants' Motion in Limine to Strike Plaintiff's Proposed Trial Exhibits filed on April 27, 2009. (Docket no. 148). In addition, this matter is before the Court on Plaintiff's Motion in Limine filed on April 27, 2009. (Docket no. 155). Plaintiff has responded to Defendants' motion. (Docket no. 171). In addition, the parties have filed Joint Supplemental Briefs on both motions. (Docket nos. 172, 173). These motions have been referred to the undersigned for decision pursuant to 28 U.S.C. § 636(b)(1)(A). (Docket no. 174). These matters are therefore ready for ruling.

    **1.**    **Facts and Procedural History**

This action arises from a business disagreement between two Indian businessmen, Plaintiff Potluri and Defendant Yalamanchili, who were childhood friends. Plaintiff alleges breach of contract and related claims. He claims that he and Defendant Yalamanchili entered into an oral agreement in 1996 "to the effect that they would be equal owners in any business ventures they entered into together (with each having an opportunity to opt out or not participate if they so chose), irrespective of the legal ownership interests reflected in any documents concerning the formation

of those businesses." (Complaint ¶ 1). Plaintiff alleges that pursuant to that agreement he paid Defendant upon the sale of their first and second joint ventures (Procon and Albion Orion Co.). Plaintiff further alleges that the parties entered into a third joint venture, Iconma, but that Defendants Yalamanchili and George forced him out and refuse to pay him for his interest in that company.

Defendant Yalamanchili filed a counterclaim and denies that any such oral contract was ever made. But he claims that if there was such a valid agreement he is entitled to 50% ownership interest in the businesses he chooses out of the 10 listed businesses in which Plaintiff maintains an ownership interest. Defendant therefore alleges a claim of breach of contract and other related claims. Some of these claims have been dismissed on summary judgment. (Docket no. 127).

Defendants Yalamanchili, George, and Iconma, LLC filed the first motion asking the Court to strike certain of Plaintiff's proposed trial exhibits based on Fed. R. Evid. 402, 403, and 802. (Docket no. 148 at 3). Plaintiff Potluri filed the second motion asking the Court to strike certain of Defendants' proposed trial exhibits based on Fed. R. Evid. 401 and 403.

**2.     Standard**

Under Fed. R. Evid. 401 "relevant evidence" is evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence. Rule of Evidence 402 provides that all relevant evidence is admissible with some exceptions and that evidence which is not relevant is not admissible. Rule 403 provides that although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence. Rule 802 provides that hearsay is not admissible except as provided by the

Rules of Evidence or other rules prescribed by the Supreme Court. Rule 801(c) provides that "hearsay" is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted. Rule 801(a) defines a "statement" as an oral or written assertion or nonverbal conduct of a person, if it is intended by the person as an assertion.

### 3. Analysis

These motions involve numerous proposed trial exhibits. The Court will address them as they are set out in the parties' Joint Briefs. (Docket nos. 172, 173). The Court considers the arguments for and against admission set out in the Joint Briefs.

#### A. **Defendants' Motion**

##### 1. **Tax Returns – Exhibits 4-9**

Defendants object to exhibits 4-9 because they allegedly are not relevant in the liability portion of the trial. Pursuant to Fed. R. Evid. 401 the Court finds that these tax returns are relevant. Defendants' Motion to Strike is denied as to them.

##### 2. **Letter to RCM Technologies – Exhibit 21**

Defendants object to exhibit 21, a letter from Plaintiff to RCM Technologies, because it is allegedly hearsay. The Court finds that this exhibit is not being introduced to prove the truth of the matter asserted. Therefore, under Fed. R. Evid. 801(c) it is not hearsay. Defendants' Motion to Strike is denied as to it.

##### 3. **Emails – Exhibits 22, 24**

Defendants object to exhibits 22 and 24, emails regarding RCM Technologies, on hearsay grounds. The Court finds that these exhibits are not being introduced to prove the truth of the matter

asserted. Therefore, they are not hearsay under Fed. R. Evid. 801(c). Defendants' Motion to Strike is denied as to them.

### 4.     Formation/Cancellation Documents of Iconma – Exs. 25, 28, 29

Defendants object to these documents concerning the formation and cancellation of Delaware based Iconma LLC based on hearsay grounds. The Court finds that these exhibits are not being introduced to prove the truth of the matter asserted. Therefore, they are not hearsay under Fed. R. Evid. 801(c). Defendants' Motion to Strike is denied as to them.

### 5.     Various Emails

The parties have placed a multitude of emails at issue. Defendants object based on hearsay and relevancy grounds. In addition, Defendants object based on the exhibits being cumulative. This Court will not strike any of these documents simply because Defendants claim that Plaintiff seeks to present so many similar emails that they are cumulative. Such a decision is more properly made at trial. Defendants have failed to show that the following documents should be stricken because they are cumulative or based on hearsay and relevancy grounds, and they are **not stricken**: Exhibits 38, 39, 41, 42, 45-49, 52 (objection withdrawn), 54, 55, 57-59, 62, 63 (objection withdrawn), 64, 65-67 (objections withdrawn), 68-71, 72 (objection withdrawn), 74-78 (objections withdrawn), 79-83, 84 (objection withdrawn), 85-87, 89, 90-91 (objections withdrawn), 92-93, 95-96, 97 (objection withdrawn), 98-100, 102, 104, 114, 117, 125, 129, 141, 172, 175-182, 184 (objection withdrawn), 185, 186 (objection withdrawn), 187, 188 (objection withdrawn), 189, 190-91 (objections withdrawn), 192-98, 199 (objection withdrawn), 200, 201 (objection withdrawn), 202-07, 208-09 (objections withdrawn), 210, 213-15, 217, 218-19 (objections withdrawn), 220-26, 231-32, 329, 362, 373-74, 385-86, 388, 415-19, 423, 425-29, 431, 433, 435-39, 442-43, 446-49, 451-53, 456-57, 459,

465, 472, 476.  Defendants have also failed to show that one exhibit should be stricken on the above grounds and due to it being privileged, and it is **not stricken**: Exhibit 482.

Plaintiff agreed to strike several of these documents, and they **are stricken**: Exhibits 53, 183, 216, 424, 434, 450, 464, 468-69, 483, 486, 489.  Exhibit 51 **is stricken** as a duplicate of exhibit 49.

The parties omitted discussion in the supplemental brief on several documents included in the binder, and they are **not stricken**: Exhibits 35, 60, 454, 455, 478.  The parties omitted exhibit 211 from the binder of exhibits but discussed it in their supplemental brief, and exhibit 211 is **not stricken**.

### 6. Resumes

Defendants object to many resumes of different persons that Plaintiff includes as exhibits because they are allegedly cumulative to each other.  This Court will not strike these resumes.  This is a decision better made during the trial.  Accordingly, the following exhibits are **not stricken**: Exhibits 106-13, 118-23, 126-28, 130-40, 142-71, 173, 227-30, 233-328, 330-61, 363-72, 375-84, 387, 389-414, 420-22, 430, 432, 445, 488.

### B. Plaintiff's Motion

Plaintiff seeks to have a number of Defendants' exhibits stricken because they are allegedly not relevant, prejudicial, or because they would be confusing to the jury.  The Court finds that Plaintiff has failed to show that the following exhibits should be stricken, and these exhibits are **not stricken**: Exhibits 504 (Memo of Understanding), 505 (12/11/2000 Agreement among Sellers), 506 (email).

Plaintiff also seeks to have stricken several documents from a separate court action filed against Plaintiff which Defendants have listed as exhibits.  The Court finds that the following

5

documents should be stricken on grounds of hearsay and the danger of unfair prejudice, and they **are stricken**: Exhibits 510 (Amended Complaint), 511 (Interrogatory answer), 512 (Unsigned settlement agreement).

The parties have agreed to have stricken exhibit 530, and it **is stricken**.

Plaintiff objects to two documents because they have some information redacted from them but fails to offer a legal basis for striking them. Therefore, exhibits 538 and 539 are **not stricken**.

Plaintiff has withdrawn the objection to exhibit 540, and it is **not stricken**.

Finally, Plaintiff seeks to have stricken a copy of Docket no. 127, the opinion on a summary judgment motion filed in this action, because it is not relevant to the remaining issues in this action and is unduly prejudicial. The Court agrees, and exhibit 549 **is stricken**.

**IT IS THEREFORE ORDERED** that Defendants' Motion in Limine (docket no. 148) is **GRANTED IN PART AND DENIED IN PART** as set out above.

**IT IS FURTHER ORDERED** that Plaintiff's Motion in Limine (docket no. 155) is **GRANTED IN PART AND DENIED IN PART** as set out above.

## NOTICE TO THE PARTIES

Pursuant to Fed. R. Civ. P. 72(a), the parties have a period of ten days from the date of this Order within which to file any written appeal to the District Judge as may be permissible under 28 U.S.C. 636(b)(1).

Dated: June 11, 2009            s/ Mona K. Majzoub
                                MONA K. MAJZOUB
                                UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

     I hereby certify that a copy of this Opinion and Order was served upon Counsel of Record on this date.

Dated: June 11, 2009                <u>s/ Lisa C. Bartlett     </u>
                                            Courtroom Deputy